IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No.  1:23 CV 325

| | |
|---|---|
| G.P. SULLINS LAND COMPANY, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>GPS QRTZ CORP. a/k/a GPS QUARTZ CORP.;<br>FRANK SALVATI; and BLAIR KRUEGER,<br><br>  Defendants. | **DEFENDANT'S<br>NOTICE OF REMOVAL**<br>(From Superior Court, Mitchell County,<br>North Carolina, Case No. 23-CVS-144) |

### TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA, ASHEVILLE DIVISION

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant GPS Quartz Corp. ("Removing Defendant GPS Quartz Corp."), hereby files this notice of removal of the state court civil action in the case captioned *G.P. Sullins Land Company, LLC v. GPS QRTZ Corp. a/k/a GPS Quartz Corp., Frank Salvati, and Blair Krueger*, Superior Court, Mitchell County, North Carolina, Case No. 23-CVS-144 (the "State Court Action"), to the United States District Court for the Western District of North Carolina.

Removal is proper because this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(3), which applies to civil actions between citizens of different states and in which citizens or subjects of a foreign state are additional parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

In support of its Notice of Removal, Removing Defendant GPS Quartz Corp. respectfully states as follows:

## STATE COURT ACTION

1. This lawsuit arises over a disputed business agreement involving ownership of the membership interests of G.P. Sullins Land Company, LLC ("Plaintiff") and/or ownership and development of 200+ acres of land in Mitchell County, North Carolina (the "Mining Property") that contains high-grade quartz sands used in the manufacture of silicon wafers for computers and is potentially worth over $100 million. (Am. Compl. ¶¶ 12, 14, 16, 45.)

2. On August 16, 2023, Plaintiff commenced the State Court Action with the filing of a Complaint in Superior Court, Mitchell County, North Carolina, against Defendants GPS QRTZ Corp., Frank Salvati, and Blair Krueger (collectively "Defendants").

3. On August 17, 2023, the State Court Action was designated by the Chief Justice of the Supreme Court of North Carolina as a mandatory complex business case and assigned to the North Carolina Business Court.

4. On September 5, 2023, prior to service of process on any of the Defendants, Plaintiff filed an Amended Complaint in the State Court Action.

5. Plaintiff's Amended Complaint contains two causes of action against Defendants: (a) declaratory judgment regarding the disputed business agreement between Plaintiff and Defendants, and, alternatively, (b) alleged violation of the North Carolina Securities Act arising from the disputed business agreement between Plaintiff and Defendants.

6. On October 12, 2023, a copy of the Summons, Amended Complaint, and other papers previously filed in the State Court Action were received by the registered agent for Defendant GPS QRTZ Corp.

7. Defendants Frank Salvati and Blair Krueger have not yet been served with a copy of the Summons, Amended Complaint, or other papers previously filed in the State Court Action.

8. The State Court Action is pending in Mitchell County, North Carolina, a county wholly within the judicial district of the United States District Court for the Western District of North Carolina.

9. True and correct copies of all process, pleadings, and orders filed in the State Court Action are filed herewith.

## THE PARTIES

10. Plaintiff is a limited liability company organized and existing under the laws of the State of North Carolina with a principal place of business in Mitchell County, North Carolina. (*Id.* ¶ 1.)

11. The members of Plaintiff consist of the following individuals, none of whom are citizens of the same states or foreign states as Defendants:

| Member Name | Member Citizenship |
|---|---|
| Gerald G. (Skip) Sullins | Hollywood, South Carolina |
| Richard (Ricky) Sullins | Mt. Clemens, Michigan |
| Wenda S. Moore | Easley, South Carolina |
| Ralph A. Dickson, Jr. | Gastonia, North Carolina |
| Myra Myers | Winston-Salem, North Carolina |
| Richard (Ricky) Taylor | Spruce Pine, North Carolina |
| Deborah Lynn Parish | Spruce Pine, North Carolina |
| Constance Dell Dodd | Spruce Pine, North Carolina |
| Sandra Powell | Spruce Pine, North Carolina |
| Robert L. Taylor | Tallahassee, Florida |
| Richard Taylor | Springfield, Missouri |
| Richard Van Sullins | Black Mountain, North Carolina |
| James Larry Sullins | Marion, North Carolina |
| Gloria Dawn Hollifield | Cary, North Carolina |

| | |
|---|---|
| Cynthia Bird | Black Mountain, North Carolina |
| Rhonda Darlene Scheider | Candler, North Carolina |
| Doris Duncan Sullins | Spruce Pine, North Carolina |
| Lucille S. Hovis | Boone, North Carolina |
| Dorothy Ann Bayliss | Charlotte, North Carolina |
| Dr. Robert D. Bayliss | Greenville, South Carolina |
| Mary Crawford | Winston-Salem, North Carolina |
| Wanda Thomas | Burnsville, North Carolina |
| Carolyn Robinson | Spruce Pine, North Carolina |
| Phyllis A. Anderson | Gainesville, Florida |
| Darryl R. Sims | Clinton, Mississippi |
| Angela S. Grogan | Pearl, Mississippi |
| Sherri Kimbrow | Byram, Mississippi |
| Carlette McCoy | Bishopville, South Carolina |
| Melanie Paulin | Little River, South Carolina |
| Michelle Ludy | Camden, South Carolina |
| Carl E. Watts, Jr. | Lugoff, South Carolina |
| Martha Bradshaw | Cocoa, Florida |
| Mary Ellen Joyner | Tallahassee, Florida |
| Sylvia D. Greer | Houston, Texas |
| William P. Payne | Sachse, Texas |
| Richard L. Payne | Heartland, Texas |
| Daniel Morgan Payne | Princeton, Texas |
| Betty D. Phillips | Christiansburg, Virginia |
| Carlene Bailey | Raleigh, North Carolina |
| Perry Lee Shaffer | Asheville, North Carolina |
| Chris Stead | Yukon, Oklahoma |
| Ann Weimer | McConnellstown, Pennsylvania |
| Debra A. Harkey | Greenville, Tennessee |
| David Stephen Hall | Cedar Park, Texas |

| Mike E. Hall | Round Rock, Texas |
| Susan E. Martin | Round Rock, Texas |
| Richard C. Hall | Buffalo, Wyoming |
| Joy Thomas | Jersey Shore, Pennsylvania |
| Erica Thomas | Jersey Shore, Pennsylvania |

12. Removing Defendant GPS QRTZ Corp. is a business corporation organized and existing under the laws of the State of Delaware with a principal place of business in Toronto, Ontario, Canada. (*Id.* ¶ 2.) As such, Removing Defendant GPS QRTZ Corp. is a dual citizen of (a) the State of Delaware, and (b) a foreign state (Canada).

13. Defendant Frank Salvati is a Canadian citizen and a resident of Toronto, Ontario, Canada. (*Id.* at 3.)

14. Defendant Blair Krueger is a Canadian citizen and a resident of Toronto, Ontario, Canada. (*Id.* at 4.)

## GROUNDS FOR REMOVAL

15. A civil action brought in a state court is removable if the district courts of the United States have original jurisdiction of the matter. 28 U.S.C. § 1441(a).

16. This Court has original jurisdiction under 28 U.S.C. §§ 1332(a)(3) because it is a civil action which involves a dispute between citizens of different states and in which citizens or subjects of a foreign state are additional parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. In the present case, complete diversity of citizenship exists because:

   a. None of the Defendants are citizens of the same state as Plaintiff or any of its members (regardless of whether Removing Defendant GPS QRTZ Corp. is treated as a citizen of Delaware or a citizen of Canada); and

b. All of the foreign parties are Defendants on the same side of the case.

18. As described below, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, based on the express allegations in Plaintiff's Amended Complaint.

19. Where a party seeks declaratory judgment, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (citations omitted). Such value is measured by "pecuniary consequences to those involved in the litigation." *Hoffman v. Vulcan Materials Co.*, 19 F.Supp.2d 475, 481 (M.D.N.C. September 4, 1998) (citations omitted). "The Court's duty then is to find the economic worth of the "object in controversy[.]" *Cole v. Captain D's, LLC*, No. 5:08CV21-V, 2008 WL 4104577, at *2 (W.D.N.C. Aug. 29, 2008) (citations omitted).

20. In the present case, the object of the litigation in Plaintiff's Declaratory Judgment cause of action is ownership of the membership interests of Plaintiff and/or the Mining Property, which contains deposits of high-grade quartz sands and "may be worth in excess of $100 million." (Am. Compl. ¶¶ 15-16.)

21. The conflict arises from a disputed business agreement in which Plaintiff and its members agreed to transfer 100% of its membership interests, and hence ownership of the Mining Property, to Defendant GPS QRTZ Corp. in exchange for valuable consideration to Plaintiff's members, including $40 million and a 40% equity stake in Defendant GPS QRTZ Corp., which would develop, market, and exploit the quartz mining operations on the Mining Property. (*Id*. ¶¶ 18-19, 22, 38, Ex. D.)

22. In its cause of action for Declaratory Judgment, Plaintiff seeks a declaration that, among other things, there was not an enforceable business agreement among the parties, Defendants have no ownership in the membership interests of Plaintiff, and that Plaintiff is not

required to transfer its membership interests and/or its ownership interests in the Mining Property to Defendants. (*Id*. ¶ 48.)

23. The Court's adjudication of Plaintiff's cause of action for Declaratory Judgment will therefore determine who owns the membership interests of Plaintiff and the Mining Property, the economic value of which Plaintiff forecasts may be in excess of $100 million.

24. In the event the Court declares that there was an enforceable business agreement between the parties, Plaintiff's alternative cause of action for alleged violation of the North Carolina Securities Act seeks, among other things, "rescission of any contract requiring the transfer of the Mining Property to [Defendant GPS QRTZ Corp.] in exchange of shares of [Defendant GPS QRTZ Corp.] stock." (*Id.* ¶ 67.)

25. The Court's adjudication of Plaintiff's cause of action for alleged violation of the North Carolina Securities Act will also therefore determine who owns the membership interests of Plaintiff and/or the Mining Property, the economic value of which Plaintiff forecasts may be in excess of $100 million.

26. Therefore, under either of Plaintiff's causes of action against Defendants, the amount in controversy, exclusive of interest and costs, undeniably exceeds $75,000.00.

27. In summary, this case is removable because diversity of citizenship exists under 28 U.S.C. §§ 1332(a)(3) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## **TIMELINESS OF REMOVAL**

28. This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b) because it is filed within 30 days after October 12, 2023, when the Amended Complaint and Summons in the State Court Action were received by Defendant GPS QRTZ Corp., and within one year of the commencement of the action.

## VENUE

29. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Western District of North Carolina, Asheville Division, is the federal jurisdiction embracing Superior Court, Mitchell County, North Carolina, where Plaintiff filed the State Court Action.

## NOTICE TO STATE COURT AND PLAINTIFF

30. Pursuant to 28 U.S.C. § 1446(d), Removing Defendant GPS Quartz Corp. filed this Notice of Removal with the Court, is serving a copy of this Notice of Removal upon counsel for Plaintiffs, and is promptly filing a Notice of Filing of Notice of Removal in Superior Court, Mitchell County, North Carolina.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Removing Defendant GPS Quartz Corp. hereby gives notice that the State Court Action is removed from Superior Court, Mitchell County, North Carolina to the United States District Court for the Western District of North Carolina, Asheville Division.

Respectfully submitted this the 9th day of November 2023.

/s/ Kevin G. Williams
Kevin G. Williams
N.C. State Bar No. 25760
Michael D. Phillips
N.C. State Bar No. 31730
BELL, DAVIS & PITT, P.A.
P.O. Box 21029
Winston-Salem, NC 27120-1029
Telephone:   (336) 722-3700
Facsimile:   (336) 714-4101
kwilliams@belldavispitt.com
mphillips@belldavispitt.com

*Attorneys for Removing Defendant GPS Quartz Corp.*

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing NOTICE OF REMOVAL in the above-entitled action upon all other parties to this cause by:

( )   Hand-delivering a copy thereof to the attorney(s) or individual(s); and/or by

( )   Facsimile; and/or by

(X)   Email; and/or by

(X)   Depositing a copy hereof in a postpaid wrapper in a post office or official depository by first class mail under the exclusive care and custody of the United States Post Office Department properly addressed to the attorney(s) or individual(s) listed below.

This the 9th day of November, 2023.

/s/ Kevin G. Williams
*Attorney for Removing Defendant*
*GPS Quartz Corp.*

ADDRESSES:

Clint S. Morse
Agustin M. Martinez
Jennifer K. Van Zant
BROOKS PIERCE, McLENDON,
HUMPHREY & LEONARD, LLP
PO Box 26000
Greensboro, NC  27420
Telephone:  336-271-2573
Facsimile:  336-232-9137
cmorse@brookspierce.com
amartinez@brookspierce.com
jvanzant@brookspierce.com
*Attorneys for Plaintiff*