THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00325-MR-WCM

| | |
|---|---|
| G.P. SULLINS LAND COMPANY, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GPS QRTZ CORP., also known as )<br>GPS QUARTZ CORP.; FRANK )<br>SALVATI; and BLAIR KRUEGER, )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss Amended Complaint [Doc. 16]; the Magistrate Judge's Memorandum and Recommendation [Doc. 21] regarding the disposition of the Motion to Dismiss; and the parties' Objections to the Memorandum and Recommendation [Docs. 22, 23].

## I. PROCEDURAL BACKGROUND

On August 16, 2023, G.P. Sullins Land Company, LLC ("Plaintiff") filed a Complaint in Mitchell County Superior Court seeking a declaratory judgment that no contractual relationship exists between the Plaintiff and GPS Quartz Corp., Frank Salvati, and Blair Krueger (collectively,

"Defendants"). [Doc. 1-3: Plaintiff's Original Complaint]. On September 5, 2023, the Plaintiff filed an Amended Complaint, adding an alternative, second cause of action for violations of the North Carolina Securities Act, N.C. Gen. Stat. § 78A-1, et seq. ("NCSA"). [Doc. 1-11: Plaintiff's Amended Complaint at 10–13]. On November 9, 2023, the Defendants removed the action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. [Doc. 1].

On January 12, 2024, the Defendants filed the present Motion to Dismiss. [Doc. 16]. The Plaintiff filed a Response to that Motion on January 31, 2024 [Doc. 19], and the Defendants filed a Reply to the Plaintiff's Response on February 7, 2024 [Doc. 20].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendant's Motion to Dismiss and to submit a recommendation for its disposition. On August 28, 2024, the Magistrate Judge filed a Memorandum and Recommendation recommending that the Defendants' Motion be granted in part and denied in part. [Doc. 21]. Specifically, the Magistrate Judge recommended that

the Plaintiff's claim for fraud under N.C. Gen. Stat. § 78A-8(1) and (3)[1] be dismissed for failing to allege such fraud with particularity. [Id. at 19]. The Magistrate Judge recommended that the Motion be denied in all other respects. [Id.].

The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. [Id. at 20]. The parties filed their respective Objections on September 11, 2024. [Docs. 22, 23]. Both parties filed Replies to the other party's Objection(s) on October 9, 2024. [Docs. 26, 27]. Thus, the matter has been fully briefed and is ripe for disposition.

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the

---

[1] A violation of N.C. Gen. Stat. § 78A-8(1) or (3) is privately actionable pursuant to N.C. Gen. Stat. § 78A-56(a)(1).

true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

### A. The Plaintiff's Objection

The Plaintiff objects to the Magistrate Judge's Recommendation insofar as the Magistrate Judge's Recommendation results in the Plaintiff's fraud claim being dismissed with prejudice. [Doc. 22 at 4–7].[2] Specifically, the Plaintiff requests that "[i]f the Court adopts the Recommendation, it should be modified to make clear that dismissal of the Section 78A-56(a)(1) Claim is *without* prejudice, and Plaintiff should be granted leave to amend

---

[2] The Magistrate Judge did not clarify whether he recommended the Plaintiff's fraud claim be dismissed with or without prejudice. [Doc. 21 at 19]. Accordingly, if this Court accepts the Magistrate Judge's Recommendation without modification, the dismissal would be with prejudice. See Carter v. Norfolk Cmty. Hosp. Ass'n, 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice.").

to assert additional facts to support its Section 78A-56(a)(1) Claim." [Doc. 22 at 5].[3]

The Plaintiff's objection is overruled and its request for leave to amend is denied. The Plaintiff had twenty-one days from the filing of the Defendants' Motion to Dismiss to file an amended complaint as of right and to address any deficiencies identified by the Defendants in their motion. See Fed. R. Civ. P. 15(a)(1)(B). Despite having the unilateral right to do so, the Plaintiff failed to amend its Complaint within the time required. Instead, the Plaintiff disputed the Defendants' Motion to Dismiss and did not argue that any dismissal should be without prejudice. Having failed to amend its Complaint and to address the deficiencies identified by the Defendants, the Plaintiff left the Court with no option but to address the Defendants' motion on its merits. In doing so, the Magistrate Judge engaged in a thorough analysis of the Plaintiff's claims and the factual allegations made in support thereof. The Plaintiff cannot now attempt to circumvent the Magistrate Judge's recommendation by seeking to amend its Complaint. See Kearney v. W. Carolina Univ., 1:20-cv-00100-MR-DSC, 2021 WL 3861157, at *2 (W.D.N.C. Aug. 27, 2021); Kotsias v. CMC II, LLC,

---

[3] The Court specifically notes that the Plaintiff did not object to the Magistrate Judge's conclusion that the Plaintiff's allegations of fraud were insufficient to comply with the particularity requirements of Rule 9(b).

No. 1:15-CV-00242-MR-DLH, 2016 WL 7384594, at *1 (W.D.N.C. Dec. 20, 2016); Bailey v. Polk County, No. 1:10-CV-00264, 2011 WL 4565449, at *4 (W.D.N.C. Sept. 29, 2011). Allowing the amendment would reduce the Magistrate Judge's Memorandum and Recommendation to nothing more than an advisory opinion to assist the parties through the pleading stage. Accordingly, the Plaintiff's objection is overruled.[4]

## B. The Defendants' Objections

The Defendants raise two objections to the Magistrate Judge's recommendations that the Plaintiff's NCSA claims should proceed. After careful consideration of the Memorandum and Recommendation and the Defendants' objections thereto, the Court finds that the Magistrate Judge's proposed conclusions of law are correct and consistent with current case law. Accordingly, the Court hereby overrules the Defendants' objections and accepts the Magistrate Judge's Recommendation that the Motion to Dismiss be granted in part and denied in part.

---

[4] As support for its objection, the Plaintiff asserts that discovery can shed light on whether the Defendants falsely claimed that "they had the ability and intention to raise $40 million for development." [Doc. 22 at 6]. As the Magistrate Judge pointed out, this issue is still part of the case; the Defendants did not move to dismiss the Plaintiff's claim pursuant to N.C. Gen. Stat. § 78A-56(a)(2). [Doc. 22 at 19 n.6]. Section 78A-56(a)(2) imposes liability for "offer[ing] or sell[ing] a security by means of any untrue statement of a material fact." The basis of the Plaintiff's objection appears to be redundant given that the Plaintiff's § 78A-56(a)(2) claim remains in the case.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objection to Magistrate Judge's Memorandum and Recommendation [Doc. 21] is **OVERRULED**; the Defendants' Objection to Magistrate Judge's Memorandum and Recommendation [Doc. 22] is **OVERRULED**; and the Memorandum and Recommendation of the Magistrate Judge [Doc. 21] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss Amended Complaint [Doc. 16] is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) The Defendants' Motion is **GRANTED IN PART** to the extent it seeks dismissal of the Plaintiff's claim for fraud under N.C. Gen. Stat. § 78A-8(1) and (3). The Plaintiff's claim for fraud under N.C. Gen. Stat. § 78A-8(1) and (3) is **DISMISSED**.

(2) In all other respects, the Defendants' Motion is **DENIED**.

**IT IS SO ORDERED**.

Signed: November 4, 2024

Martin Reidinger
Chief United States District Judge